**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2502-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

REGINALD V. BROWN, a/k/a
REGINAL V. BROWN and
REGINALD BROWN-BEY,

    Defendant-Appellant.

_____

Submitted January 15, 2025 – Decided April 22, 2025

Before Judges Currier and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 12-05-0090.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Susan Brody, Designated Counsel, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Thomas R. Clark, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Reginald V. Brown appeals from the January 24, 2023 Law Division order denying without an evidentiary hearing his second post-conviction relief (PCR) petition. He raises the following arguments:

> POINT I
>
> THE PCR JUDGE ERRED IN IMPOSING PROCEDURAL BARS ON THE PETITION.
>
> A. It Was Error to Bar the Petition Under [Rule] 3:22-12(a)(2).
>
> B. It Was Error to Bar the Petition Under [Rule] 3:22-4 [a]nd/or [Rule] 3:22-5.
>
> POINT II
>
> THE PCR JUDGE ERRED IN FINDING THAT [DEFENDANT] HAD FAILED TO ESTABLISH A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF HIS PRIOR COUNSEL REQUIRING AN EVIDENTIARY HEARING.

After a careful review of these contentions in light of the applicable rules and principles of law, we affirm substantially for the reasons set forth in the decision of Judge Kurt Kramer in his thorough oral opinion.

I.

We previously set forth in detail the facts and procedural history of this matter, first when we affirmed defendant's conviction and sentence on direct appeal, see State v. Brown, No. A-4230-12 (App. Div. Nov. 16, 2015) (slip op.

2

at 2) (Brown I), and again when we affirmed the denial of his first PCR petition, see State v. Brown, No. A-2556-17 (App. Div. Oct. 3, 2019) (slip op. at 2) (Brown II). We need not repeat the full history here and synthesize only the facts and procedural history pertinent to this appeal.

After a search warrant executed on defendant's home revealed firearms and controlled dangerous substances (CDS), a Camden County grand jury returned an indictment in 2012 charging him with second-degree possession with intent to distribute CDS, N.J.S.A. 2C:35-5(a)(1), -5(b)(4) (count one), third-degree possession with intent to distribute CDS, N.J.S.A. 2C:35-5(a)(1), -5(b)(3) (count two); third-degree possession with intent to distribute a prescription legend drug (alprazolam), N.J.S.A. 2C:35-10.5(a)(3) (count three); second-degree possession of a weapon during the commission of certain crimes, N.J.S.A. 2C:39-4.1(a) (count four); and second-degree offense of certain persons not to have weapons, N.J.S.A. 2C:39-7(b)(1) (count five).

Defendant was convicted on all counts after a bifurcated jury trial that allowed the jury to consider defendant's prior offenses in connection with the certain persons charge. The court initially sentenced defendant to an aggregate term of twenty-three years' imprisonment with a term of eleven-and-a-half years' parole ineligibility, but later amended the sentence to run the prison term

imposed on count four concurrent to that on count five, and consecutive to the remaining counts.

On direct appeal, we affirmed defendant's conviction and sentence, rejecting defendant's claims that the trial court violated his constitutional rights to represent himself and to a speedy trial and erred in granting an adjournment thereby allowing the State to present an expert witness at trial. We deemed harmless testimony from a law enforcement witness regarding possession with intent and improper statements by the prosecutor linking defendant to the master bedroom where much of the evidence was discovered. We concluded that the court properly amended defendant's sentence and judgment of conviction, increasing his period of parole ineligibility. See Brown I, slip op. at 18-26.

We rejected defendant's claim that the verdict was against the weight of the evidence. We noted strong evidence supported the jury's verdict, rejecting defendant's claims the evidence implicated his late mother or other houseguests as the rightful owners of the drugs and guns stashed in jars in the kitchen and in a cooler next to the bed in the master bedroom.[1]

---

[1] Defendant filed a pro se supplemental submission, which we declined to address as untimely, without foreclosing his ability to thereafter file for PCR. See id. at 8 n.2.

Defendant thereafter filed his first PCR petition, alleging ineffective assistance of trial counsel, Strickland v. Washington, 466 U.S. 668 (1984), and other trial errors. The first PCR court considered both the brief filed by first PCR counsel as well as the supplemental written submission filed by defendant.[2]

In its oral opinion on October 6, 2017, the first PCR court denied the petition, rejecting challenges to trial counsel's presentation of aggravating and mitigating sentencing factors; trial counsel's failure to object to improper expert testimony and failure to move for a new trial; the court's sentencing findings, specifically its overemphasis of the need to deter; and cumulative instances of ineffective assistance of counsel. The court noted that some of the claims could have been raised on direct appeal but nevertheless addressed them substantively determining that defendant failed to show that any error alone or in the aggregate

---

[2] Although defendant's pro se submission underlying his first PCR petition is not in our record, we glean the following list of claims from the first PCR court's recitation in its decision of those issues, including that: the verdict was against the weight of evidence; the State engaged in prosecutorial misconduct; the trial court abused its discretion by providing improper jury instructions; trial counsel failed to object to the State's declining to reveal its confidential informant and did not challenge the search warrant, which "was improperly issued and executed," or attack the State's witnesses' credibility; counts four and five were improperly charged resulting in an unconstitutional conviction; the court denied defendant procedural and substantive due process when it "imposed an unconstitutional, illegal, unlawful and shockingly excessive sentence"; and the PCR court improperly found the petition was barred by Rules 3:22-4 or -5.

would have changed the result. The court considered defendant's pro se supplemental ineffective assistance of counsel claims calling them "a laundry list of perceived miscalculations," and found them to be trial counsel's "strategic" choices that did not reflect substandard representation or impact the probable outcome of the proceedings.

On October 3, 2019, we affirmed the court's denial of the first PCR petition. See Brown II, slip op. at 2. We concluded "[t]he record amply support[ed] the PCR judge's findings and conclusions." Id. at 12. We agreed defendant failed to make even a prima facie showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Ibid. (quoting Strickland, 466 U.S. at 694). Although we determined defendant's claims that trial counsel failed to adequately prepare for trial had not been properly raised below, we concluded the trial court appropriately "adjourned trial to accommodate both parties," specifically "ensur[ing] defendant's Sixth Amendment right to effective assistance of counsel," and defendant nonetheless "failed to set forth facts proving the delay undermined confidence in the outcome." Id. at 10-11. In February 2020, the Supreme Court denied defendant's petition for certification. See State v. Brown, 241 N.J. 60 (2020).

A-2502-22

In March 2022, defendant submitted his second pro se PCR petition with an accompanying brief, alleging his incarceration was unconstitutional; the search warrant was not supported by probable cause; the court failed to mandate disclosure of the confidential informant's identity; the court did not properly instruct the jury on attempt; and the sentence was illegal and unconstitutional. He also alleged that trial counsel was ineffective for failing to conduct an adequate pretrial investigation, force production of the confidential informant's identity, ensure a proper chain of custody for the evidence, seek forensic analysis of video and firearms evidence, identify prosecutorial misconduct and move for a mistrial, or argue against defendant's excessive sentence.

Defendant also claimed appellate counsel was ineffective for "fail[ing] to raise the substantial and prejudicial deficiencies of [t]rial counsel," and first PCR counsel was ineffective for failing to timely present defendant's pro se supplemental brief. Finally, he asserted that the prosecutor's misconduct deprived him of due process rights, and the State failed to present sufficient evidence to establish defendant possessed a firearm while committing a CDS offense.

Second PCR counsel thereafter submitted a brief in support of defendant's petition, conceding that the petition was filed out of time. Counsel raised only

general claims that defendant's second petition should not be time-barred as it involved "significant constitutional issues" that trial counsel, both appellate counsels, and first PCR counsel should have raised previously, thereby depriving defendant of the effective assistance of counsel for failure to "investigate and assert the legal issues" presented. Along with the brief, counsel submitted defendant's certification, in which defendant claimed, "[i]n connection with these issues," during his trial, appeals, and first PCR petition, he "regularly consulted [his] attorneys and asked them to investigate and pursue [his] claims" and they "failed to advance the arguments [he] wanted to make."

Judge Kramer heard arguments on defendant's second PCR petition, and on January 24, 2023, by order and accompanying oral decision, denied the petition without an evidentiary hearing. The judge found defendant's second PCR petition—filed over four years after the denial of his first petition in 2017—was procedurally barred as untimely. Judge Kramer relied on Rule 3:22-12(a)(2) that strictly requires the filing of a second or subsequent PCR petition within one year of the date of the denial of the first PCR petition. He found that, even adjusting the time liberally for purposes of argument, the second PCR petition would still be approximately eight months out of time and procedurally barred.

The judge found no basis to relax the time frame under Rule 3:22-12(a)(2) or under Rule 1:3-4(c), which expressly restrict judicial discretion to expand Rule 3:22-12's limitations.  He cited the need to promote "finality of judgments" and "allay the uncertainty associated with an unlimited possibility of relitigation."   State v. Mitchell, 126 N.J. 565, 576 (1992).   The judge acknowledged that the strict time requirement encourages those seeking PCR "to bring their claims swiftly," and not "sit[] on their rights."  Ibid.

The judge further applied Rules 3:22-4 and -5 and determined that, other than the new claims of ineffective assistance of PCR and appellate counsel, the remaining claims, which the court reviewed in detail, were either raised or should have been raised on direct appeal or in the first PCR petition.  Regarding the excessive sentencing claims, the judge found that issues regarding "illegality of . . . defendant's sentence ha[d] been addressed on appeal[] and . . . as part of . . . defendant's first PCR motion."

Concerning defendant's assertions of ineffective assistance of first PCR counsel and PCR appellate counsel, Judge Kramer found that the issues defendant contended had not been raised were addressed in the earlier proceedings.  The judge cited the first PCR court's rejecting these issues as, "at best, . . . allegations of strategic errors, which clearly [we]re insufficient to

sustain an ineffective assistance of counsel claim." The judge further referenced the first PCR court's finding that "many of defendant's claims were highly speculative[] and clearly deficient," and highlighted first PCR counsel's "incorporat[ion of] all points raised by defendant[] at the conclusion of his argument, ensuring that they would be properly considered by the [c]ourt" and "me[eting] the objective standard of reasonableness." Judge Kramer also found defendant neither "identified[] with specificity, what, if any, claims were not raised by counsel," nor "identified any other specific claims of ineffective assistance of counsel."

Judge Kramer then rejected defendant's request for an evidentiary hearing concluding he failed to "present[] a prima facie claim" for ineffective assistance of counsel or to warrant a hearing.

II.

Defendant raises on appeal the same challenges considered by Judge Kramer, which we review de novo and affirm for the reasons expressed in his decision. The judge properly found the petition was barred on procedural grounds and nevertheless lacked sufficient merit to warrant relief or a hearing.

First, we agree that the second petition is time barred. Rule 3:22-12(a)(2)(C) must be strictly applied and clearly mandates that a second or

subsequent petition for PCR must be filed no more than one year after "the date of the denial of the first or subsequent application for [PCR] where ineffective assistance of counsel that represented the defendant on a first or subsequent application for [PCR] is being alleged." See Rule 1:3-4(c) (although courts may relax other provisions of the court rules, "[n]either the parties nor the court may, however, enlarge the time specified by . . . [Rule] 3:22-12 (petitions for [PCR])"); see also State v. Jackson, 454 N.J. Super. 284, 293 (App. Div. 2018) (recognizing relaxation of the time frame for subsequent PCR petitions, even those containing new allegations of ineffective assistance of first PCR counsel, is prohibited except as permitted by the rule itself). Defendant's second petition, undeniably out of time by even Judge Kramer's generous alternative calculation, cannot escape application of the time bar. See R. 3:22-12(a)(2)(A) to (C). This second PCR petition did not raise a claim under a newly recognized, retroactively applied constitutional right, or a claim for which the factual predicate could not have been discovered earlier. Therefore, Rule 3:22-12(a)(2)(C) required that it be filed within one year of the first PCR denial.

Next, we conclude, as did Judge Kramer, defendant's second PCR petition mirrors largely the claims previously raised on direct appeal or in his first petition, thereby preventing their reconsideration, even if repackaged in slightly

different language. See R. 3:22-5 (barring reconsidering of grounds already adjudicated in any prior post-conviction proceeding).

Further, to the extent any claims in the second petition, beyond those raising ineffective assistance of PCR and appellate counsel, are similar but arguably not previously raised, it is evident to this court, as it was to Judge Kramer, that the claims were available and should have been raised in earlier proceedings. See R. 3:22-4(a) (any ground not previously raised is barred unless: (1) it "could not reasonably have been raised in any prior proceeding"; (2) barring the claim "would result in fundamental injustice; or" (3) "denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey"). We similarly agree no fundamental injustice results, as defendant's present claims are devoid of any explanation of whether or why those claims would have been successful, or even if successful, would change the outcome.

Additionally, regarding the assertions that first PCR counsel and appellate counsel provided ineffective assistance of counsel by failing to sufficiently raise arguments, we conclude these claims are belied by the record and the procedural history as discussed in detail by Judge Kramer. The record reflects that the

claims were presented by counsel and thereafter considered and rejected by both the first PCR court and this court on appeal.

Finally, we note, as did Judge Kramer, that even considering substantively defendant's claims, defendant has not made a prima facie showing that trial, PCR, or appellate counsel's performances were deficient or that, in the absence of any arguable error, the result would have been different. See Strickland, 466 U.S. at 687. As we noted on direct appeal, the evidence against defendant was "strong," Brown I, slip op. at 22, and as we concluded on the first PCR appeal, defendant failed to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," Brown II, slip op. at 12 (quoting Strickland, 466 U.S. at 694).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2502-22